UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, JR, Booking Number 22726041,<br><br>                    Plaintiff,<br><br>vs.<br><br>METROPOLITAN TRANSIT SYSTEM; SAN DIEGO TROLLEY; SDTC,<br><br>                    Defendants. | Case No.: 22cv1318-JLS-AHG<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

    Plaintiff David Bryan Turner, Jr. ("Plaintiff"), currently housed in the San Diego Central Jail ("SDCJ") located in San Diego, California, is proceeding pro se in this civil action. (ECF No. 1.)

**I.    Failure to Pay Filing Fee or Request *In Forma Pauperis* ("IFP") Status**

    All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402, consisting of a $350 statutory fee plus an additional administrative fee of $52, although the $52 administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

1  Schedule, § 14 (eff. Dec. 1, 2020)). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $402 in filing and administrative fees required to commence this civil action, nor has he submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

The Clerk of the Court is **DIRECTED** to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $402 civil filing fee or complete and submit

///
///
///

1  the enclosed Motion to Proceed IFP within 45 days, this action will be dismissed without
2  prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.[1]
3      **IT IS SO ORDERED.**
4  Dated:  September 6, 2022

                                                       *Janis L. Sammartino*
                                                     Hon. Janis L. Sammartino
                                                     United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $402 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $402 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.")