UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>METROPOLITAN TRANSIT SYSTEM; SAN DIEGO TROLLEY; and S.D.T.C.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-CV-1318 JLS (AHG)<br><br>**ORDER (1) DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS BARRED BY 28 U.S.C. § 1915(g); (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

On September 1, 2022, Plaintiff David B. Turner, Jr., a prisoner detained at the San Diego County Jail in San Diego, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, but neither paid the civil filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP"). ECF No. 1. Plaintiff alleges that on June 18, 2022, his legs were injured by the "malfunctioning doors" of a trolley car he was trying to board. *Id.* at 2. Plaintiff seeks $17,550,000 in damages. *See id.* at 3.

On September 6, 2022, the Court dismissed this action without prejudice for failure to satisfy the filing fee requirement. ECF No. 2. Plaintiff has now filed a motion to proceed IFP. ECF No. 3.

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350, and those not granted leave to proceed IFP must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing 'imminent danger of serious physical injury.'" *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim,'" *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to

determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That is the case here.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Based on a review of its own dockets, the Court finds that Plaintiff David B. Turner, Jr., currently identified under San Diego County Booking No. 22726041, and previously identified under San Diego County Sheriff's Department Booking No. 13719099, Booking No. 15780644, and CDCR Inmate #G-30643, while incarcerated, has had at least five prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]

They are:

(1) *Turner v. Metropolitan Transit System, et al.*, No. 09cv0770-L (POR) (S.D. Cal. Nov. 20, 2009) (denying amended motion to proceed IFP and dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b)) (ECF No. 6) (strike one);

(2) *Turner v. Corporal Saunder (7294), et al.*, No. 13cv1368-MMA (DHB) (S.D. Cal. June 18, 2013) (dismissing action as frivolous pursuant to 28 U.S.C.

---

[1] In fact, a review of the Court's own dockets on PACER show Plaintiff has filed more than thirty cases similar to this one over the course of the last ten years. *See* https://pcl.uscourts.gov (last accessed Oct. 6, 2022).

§ 1915A(b) and denying motion to proceed IFP as moot) (ECF No. 3) (strike two);

(3) *Turner v. County of San Diego, et al.*, No. 13cv2288-LAB (RBB) (S.D. Cal. July 11, 2014) (*sua sponte* dismissing First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b)) (ECF No. 7), No. 14-56249 (9th Cir. Nov. 11, 2014) (denying appellant's motion to proceed IFP "because we find that there is no non-frivolous issue presented in this appeal") (ECF No. 13) (strike three);

(4) *Turner v. San Diego County, et al.*, No. 13cv2729-JLS (PCL) (S.D. Cal. Nov. 19, 2014) (granting IFP and *sua sponte* dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & § 1915A(b)(1)) (ECF No. 13); *id.* (dismissing case in its entirety for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & § 1915A(b)(1) and for failing to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with Court Order requiring amendment) (ECF No. 14) (strike four). *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); and

(5) *Turner v. San Diego County, et al.*, No. 15-55544 (9th Cir. July 30, 2015) (denying appellant's motion to proceed IFP "because we find that the appeal is frivolous") (ECF No. 4) (strike five). *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.")

Accordingly, because Plaintiff has, while incarcerated, accumulated at least five "strikes" as defined by § 1915(g), unless he has made a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

///

Plaintiff alleges that he was injured while trying to enter a trolley car several months ago operated by Defendant Metropolitan Transit System. Plaintiff is currently housed in the San Diego County Jail. These allegations fail to plausibly suggest he was in imminent danger of serious physical injury at the time he filed the Complaint. *See Dustin v. Kern Valley State Prison Personnel*, No.19cv0989-LJO-SAB (PC), 2019 WL 6463991, at *1 (E.D. Cal. Dec. 2, 2019) (allegations of lingering pain caused by past injury does "not establish that [plaintiff] was in imminent danger of serious physical injury at the time he filed his complaint") (collecting cases); *Stewart v. Lystad*, No. 16cv1439-BHS-JRC, 2016 WL 6816278, at *3 (W.D. Wash. Oct. 14, 2016) (finding plaintiff's claims of "intractable" foot pain, and an alleged inability to "work out, fall asleep, work, stand for long periods or walk long distances" insufficient to satisfy § 1915(g)'s "imminent danger" exception), *report and recommendation adopted*, 2016 WL 6805339 (W.D. Wash. Nov. 17, 2016).

Therefore, the Court finds Plaintiff's Complaint contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** Plaintiff's Complaint for failure to satisfy the filing fee requirement. ***Unless Plaintiff pays the $402 civil filing fee within <u>forty-five (45) days</u> of the date this Order is filed, the Court will enter a final judgment of dismissal.***

**IT IS SO ORDERED**.

Dated: October 12, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge